Thomas K. Hodge *vs.* Charles M. Goodsell and another.

The plaintiff let to his two sons a photographer's car which he had had made for their use, they to pay him a monthly rent, and he to have the right to take it back upon default of payment. The sons went about the country with the car, as photographers, and at various times and places one of the sons represented the car to be his property, offered to sell it, and finally turned it out to an officer who attached it in behalf of one of his creditors. The plaintiff had never authorized or known of these representations, and on learning of the attachment demanded the car of the attaching creditor and of the officer and upon their refusal to surrender it brought trover for it. The sons had some time before this made default in payment of the rent. Held—1. That the rights of the plaintiff were in no manner affected by the representations or

acts of the son. 2. That having by the terms of the lease a right to demand a return of the property for non-payment of rent, he had a right to demand it of the defendants, and on their refusal to give it up could maintain trover for it.

TROVER, for a photographer's car, with a count in trespass ; brought to the District Court for the County of Litchfield, and tried on an issue joined to the court, before *Hitchcock, J.* The court found the following facts :—

The plaintiff had two sons, Thomas S. Hodge, who was a photographer by trade, and Andrew Hodge. Thomas was without means, but desired the plaintiff to procure to be made for him a photographer's car, of a peculiar and improved construction, which he had devised, and which he could use in the prosecution of his trade. This was early in the year 1871. In March of that year, by direction of the plaintiff, Thomas applied to Soule Brothers of New Milford, to ascertain if they could build such a car, and to ascertain their terms for the same, and soon after the plaintiff applied to them to build it for him. They contracted to do so and immediately began to construct it, the plaintiff frequently calling to inspect it while being built. During the greater part of the time the car was in the process of construction at the shop, Thomas, at the request of the plaintiff, was present, aiding in building it, by his labor and ideas regarding its peculiar construction, for which the plaintiff paid him.

The plaintiff procured the car in good faith, for the purpose of renting it to his two sons ; and after it was built, he went to the shop, inspected the car, gave orders for something additional to be done about the door, paid for the whole thing from money he had in a savings bank, and took a receipt in his own name ; and thereupon, before its removal from the shop, rented it to his sons Thomas and Andrew, together with the implements and photographic machines connected with the car, which were also the property of the plaintiff, upon the following terms, namely, the sons were to pay him monthly $4.25 for the use of the car, and $4.25 for the use of the photographic implements and machines; and the plain-

tiff reserved the right to take the car and other property into his own hands, and put an end to the arrangement, at any time on the sons failing to pay the rent.

Under this arrangement Thomas and Andrew took the car from the shop where it was built, and from which it had not been removed, without further interference on the part of the plaintiff, and in the latter part of April, 1871, with the car, implements and machines, began the business of traveling photographers.

They met with but little success in their business in the places to which they went, and in July, 1871, came to the town of Woodbury in Litchfield County, and there Thomas contracted a debt for his board with the defendant, Traver, on which debt Traver brought suit against Thomas early in December, 1871, and attached the car, in which suit he recovered judgment, and on the 18th of the same month took out execution, and sold the car to satisfy the execution.

While at Woodbury, Thomas, without the knowledge or authority of the plaintiff, and while he was contracting the debt for his board, told Traver that he owned the car, and had had it built to his order, and offered to give Traver a bill of sale of it.

The defendant, Goodsell, as deputy sheriff, served the writ of attachment referred to, in the early part of December, 1871, and when he was about to attach the car, Thomas told him that he owned no property but the car, and that he might attach that, but not his tools and instruments, and Thomas did in fact then and there turn out to Goodsell the car for attachment on the writ; and afterwards, in the latter part of the same month, when the defendant Goodsell, as deputy sheriff, made demand of Thomas on the execution issued in favor of Traver in the suit, Thomas told him that he could not pay the execution, and that he would have to sell the car, and did then and there turn out the car to be levied on by the execution.

And it was shown that Thomas, during the summer and fall of 1871, represented to several persons, and at several different times and places, that he was the owner of the car.

But he was not authorized by the plaintiff to make such representations, nor had the plaintiff at any time any knowledge that he was making them, and he has never in any way sanctioned or assented to them.

The sons paid the plaintiff under the arrangement with him for the use of the car and property connected with it, during the month of July, 1871, $8.50 at one time and $5 at another, but have paid no more. The plaintiff never demanded possession of the car, of either Thomas or Andrew, for breach of the lease; nor did the plaintiff ever have possession of the car after it left the shop where it was made.

When the car was about to be sold on Traver's execution against Thomas, by Goodsell as deputy sheriff, the plaintiff heard what had taken place, and immediately went to both the defendants, and informed them that the car was his property, and demanded the same of them. They refused to surrender it, and Goodsell sold the car on the execution. Its value was $135. The plaintiff brought the present suit against Traver and Goodsell for taking the car, and for the conversion of it.

The court rendered judgment for the plaintiff, and the defendants brought the record before this court by a motion in error.

*Cothren* and *Huntington*, for the plaintiffs in error.

*McMahon*, for the defendant in error.

PHELPS, J. It is clear from the record in this cause that the plaintiff was the owner of the property attached by the defendants and sold on execution, and that the execution debtor had no title to and no interest in it, except the right to use it under a contract with the plaintiff, subject to an express reservation in his favor of the right to take the property into his possession and terminate the arrangement at any time when the execution debtor failed to pay for the use of the same according to the terms of the contract. The fact that such default and failure of payment existed at the commencement of the suit is distinctly found, and therefore by

virtue of the express provisions of the contract between the parties the plaintiff was entitled to the immediate possession of the property, and consequently to the right to maintain trespass or trover for the wrongful taking and conversion of it.

The claim of the defendants that the plaintiff held out the party in possession as owner, or authorized or assented to his so holding himself out, is negatived in the finding and therefore furnishes no aid to the defendants.

There is no error in the record.

In this opinion the other judges concurred.